ARCHIE DINNERMAN, as Assignee of MARGO DINNERMAN, Plaintiff, *v.* BOSTON INSURANCE COMPANY, Defendant.

City Court of New York, Special Term, New York County, May 6, 1943.

*William B. Z. Fishkin* for plaintiff.

*Affeld, Sowers & Herrick* for defendant.

KELLER, J. This motion will be granted to the extent of striking from the answer all references in paragraphs 6 to 9, inclusive, to another and different policy, not the one upon which this action is predicated. It seems that the policy covering the contents of the building was a separate and different contract of insurance. Therefore, it may not be brought into the case by means of allegations in the answer, though the matters there alleged might perhaps constitute basis for cross-examination of plaintiff's assignor. Paragraph 10 is also stricken out. There appears to have been no affirmative duty on the part of the insured, when applying for this policy of fire insurance, to reveal that she had had previous fires in other buildings for which she had collected insurance from other companies. Apparently plaintiff's assignor was not asked about prior fires when the policy was issued to her. Apart from *Melvin* v. *British-American Assurance Co.* ([1933] 1 Dominion Law Reports 678), defendant points to no case supporting the contention that one applying for fire insurance must tell the company, even if he is not asked about it at all, that he has collected insurance for previous fires. It seems to me that if the company considered this a fact material to the risk, it should have required the insured to state the history of previous fires in the application for insurance. Apparently this defendant neglected to do this. I cannot agree with the Canadian case upon which defendant relies.

Except to the extent above indicated, the motion is denied. Defendant may serve an amended answer not inconsistent with the foregoing, within ten days after service upon its attorneys of a copy of this order with notice of entry thereof.